IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
FILED: JUNE 27, 2008
08CV3704
JUDGE HIBBLER
MAGISTRATE JUDGE DENLOW
DAJ
```

| | | |
|---|---|---|
| **JOSHUA GROEN,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | Judge |
| | ) | |
| **WITECH COMPANY, INC., THOMAS WITVOET, JEFFREY KRYGSHELD, and DARREN PRINCE,** | ) ) ) ) ) | Magistrate Judge |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Joshua Groen, through his attorneys Dowd, Bloch & Bennett, brings this complaint against Defendants Witech Company, Inc., ("Company"), Thomas Witvoet, Jeffrey Krygsheld, and Darren Prince, and states:

### Nature of the Case

1.  This civil action seeks damages and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 - 219; the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS §§ 115/1 - 115/15; the Illinois Minimum Wage Law ("IMWL"), 820 ILCS §§ 105/1 - 105/15; Illinois's Prevailing Wage Act ("PWA"), 820 ILCS §§ 130/0.01 - 130/12; and Illinois's Attorneys Fees in Wage Actions Act ("Fees Act"), 705 ILCS §§ 225/0.01 - 225/1.

### Jurisdiction and Venue

2.  The Court has jurisdiction over Counts I and II under 29 U.S.C. § 216(b) and 28

U.S.C. § 1331; and over Counts III, IV, V, and VI under 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C. § 1391 as at least one defendant resides in this district and as a substantial part or all of the events giving rise to Plaintiff's claims occurred within this district.

## Parties

4. From approximately April 2005 until January 2008, Plaintiff Joshua Groen worked for the Company as a laborer. At all relevant times, Groen was an "employee" or "laborer" within the meaning of the FLSA, 29 U.S.C. 203(e), the IWPCA, 820 ILCS §115/2, the IMWL, 820 ILCS § 105/3(d), and the PWA.

5. The Company is and at all relevant times was an Illinois corporation engaged in interstate commerce, doing business within this district in the construction industry. At all relevant times, the Company was an employer within the meaning of the FLSA, 29 U.S.C. 203(d), the IWPCA, 820 ILCS §115/2, the IMWL, 820 ILCS § 105/3(c), and the Fees Act, and a contractor or subcontractor within the meaning of the PWA.

6. Defendant Thomas Witvoet resides in this district and is the president of the Company. At all relevant times, Witvoet substantially controlled the terms and conditions of employment of the Company's employees and exercised supervisory authority over the Company's hiring and termination of employees, the Company's payment or non-payment of wages, and all other matters relating to compensation and method of payment of wages. Witvoet acted directly in the Company's interest, and by doing so, he is responsible in whole or in part for the violations alleged, and he is therefore an employer within the meaning of the FLSA, 29 U.S.C. 203(d), the IWPCA, 820 ILCS §115/13, the IMWL, 820 ILCS § 105/3(c).

7.      Defendant Jeffrey Krygsheld resides in this district and is the vice-president of the Company.  At all relevant times, Krygsheld substantially controlled the terms and conditions of employment of the Company's employees and exercised supervisory authority over the Company's hiring and termination of employees, the Company's payment or non-payment of wages, and all other matters relating to compensation and method of payment of wages. Krygsheld acted directly in the Company's interest, and by doing so, he is responsible in whole or in part for the violations alleged, and he is therefore an employer within the meaning of the FLSA, 29 U.S.C. 203(d), the IWPCA, 820 ILCS §115/13, the IMWL, 820 ILCS § 105/3(c).

8.      Defendant Darren Prince resides in the Northern District of Indiana, and is an officer or agent of the Company.  At all relevant times, Prince substantially controlled the terms and conditions of employment of the Company's employees and exercised supervisory authority over the Company's hiring and termination of employees, the Company's payment or non-payment of wages, and all other matters relating to compensation and method of payment of wages.  Prince acted directly in the Company's interest, and by doing so, he is responsible in whole or in part for the violations alleged, and he is therefore an employer within the meaning of the FLSA, 29 U.S.C. 203(d), the IWPCA, 820 ILCS §115/13, the IMWL, 820 ILCS § 105/3(c).

**Facts**

9.      During Groen's employment with Defendants as a laborer, Defendants paid Groen on an hourly basis.  Defendants paid Groen once each week.

10.     Defendants often required Groen to work more than forty (40) hours in a week.

11.     When Groen worked more than forty (40) hours in a week, Defendants either failed to pay Groen his regular hourly wage rate for all hours worked, or Defendants failed to pay

Groen one and one-half (1.5) times his regular hourly wage rate for all hours worked in excess of forty (40) in a week.

12. While Groen was employed by Defendants, Defendants falsely reported that Groen worked fewer hours than Groen actually worked each day or week. Defendants recorded the false numbers of hours worked in certified payrolls, on Groen's paycheck stubs, in Company records, and on other documents and records.

13. Defendants often used the following method to under-report the number of hours Groen worked. Defendants multiplied the number of hours Groen actually worked by a wage rate Defendants chose rather than Groen's agreed upon regular hourly wage rate. Defendants then divided that product by the agreed upon regular hourly wage rate; Defendants then used the resulting quotient, after rounding to the nearest 0.25, as the hours reported on Groen's paycheck stub and for which it paid Groen. In the final step of this process, Defendants multiplied the falsified number of hours by Groen's agreed-upon regular hourly wage rate, and Defendants paid Groen the resulting amount.

14. On several occasions, including as recently as January 2008, Groen complained to Witvoet, Krygsheld, and Prince regarding Defendants' refusal to pay Groen proper wages, including the Defendants' failure to pay him proper overtime as required under the FLSA.

15. In January 2008, Defendants terminated Groen's employment in response to and because of his complaints about failing to being properly paid overtime wages.

**Count I: Fair Labor Standards Act – Defendants' Refusal to Pay Overtime Wages**

16. Plaintiff incorporates by reference paragraphs 1 through 15 of this complaint, as though fully set forth herein, as paragraph 16.

17. The FLSA, in 29 U.S.C. § 207(a)(1), provides that no employer shall employ any employee for more than forty (40) hours in a week unless the employee receives compensation for the hours worked in excess of forty (40) at a rate of pay no less than one and one-half (1.5) times the employee's regular wage rate.

18. Defendants knew or should have known their failure to pay Groen one and one-half (1.5) times his regular hourly wage rate in compliance with the FLSA was unlawful.

19. By knowingly failing to pay Groen one and one-half (1.5) times his regular hourly rate of pay for all hours worked in excess of forty (40) in a single week, Defendants willfully violated the FLSA.

20. Defendants' willful actions caused Groen to lose income in the form of overtime wages required to be paid by the FLSA.

21. Under the FLSA, 29 U.S.C. § 216(b), Defendants are liable to Groen for the income he lost, liquidated damages, attorneys' fees, and costs.

**Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, as follows:

(a) Finding that Defendants willfully under-reported the number of hours Groen worked;

(b) Finding that Defendants willfully violated the overtime provision of the Fair Labor Standards Act by failing to pay Groen one and one-half (1.5) times his regular hourly wage rate all for hours worked in excess of forty (40) in a week, and by under-reporting the number of hours Groen worked during the three year period preceding the filing of this complaint;

(c) Ordering Defendants to pay Groen one and one-half (1.5) his regular hourly wage rate for all hours worked in excess of forty (40) in a week

   during the three year period preceding the filing of this complaint; an additional equal amount as liquidated damages, and pre-judgment interest;

 (d) Ordering Defendants to pay Groen's attorneys' fees and costs incurred in bringing this suit to enforce the FLSA overtime provision; and

 (e) Ordering such other relief as the Court deems proper.

### Count II: Fair Labor Standards Act – Unlawful Retaliatory Discharge

22. Plaintiff incorporates by reference paragraphs 1 through 15 of this complaint, as though fully set forth herein, as paragraph 22.

23. It is an unlawful retaliatory discharge under the FLSA, 29 U.S.C. § 215(a)(3), to terminate an employee because he has complained about not receiving proper wages under the FLSA, and Defendants' termination of Groen violated the FLSA.

24. As a result of Defendants' unlawful discharge of Groen, Groen lost and continues to lose income.

25. Under the FLSA, 29 U.S.C. § 216(b), Defendants are liable to Groen for the income he lost and will continue to lose, liquidated damages, attorneys' fees, and costs. Defendants are also required to reinstate Groen to his former position.

### Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, as follows:

 (a) Finding that Defendants terminated Groen's employment in violation of the Fair Labor Standards Act prohibition on retaliatory discharge;

 (b) Ordering Defendants to reinstate Groen to the position from which Defendants unlawfully terminated Groen;

    (c)    Ordering Defendants to pay Groen all wages lost from the time of termination until Defendants offer Groen reinstatement with the Company, an equal amount as liquidated damages, and pre-judgment interest;

    (d)    Ordering Defendants to pay Groen's attorneys' fees and costs incurred in bringing this suit to enforce the FLSA anti-retaliatory discharge provision; and

    (e)    Ordering such other relief as the Court deems proper.

### Count III: Illinois Wage Payment and Collection Act – Defendants' Refusal to Pay Wages According to Contract

26. Plaintiff incorporates by reference paragraphs 1 through 15 of this complaint, as though fully set forth herein, as paragraph 26.

27. Groen's agreed upon regular hourly wage rate was set by a collective bargaining agreement ("Agreement") in effect at all relevant times between the Construction and General Laborers' District Council of Chicago and Vicinity and the Company.

28. The base wage rate under the Agreement required to be paid to Groen as his regular hourly wage rate from June 1, 2004 to May 31, 2005 was $29.00 per hour. The base wage rate under the Agreement required to be paid to Groen as his regular hourly wage rate from June 1, 2005 to May 31, 2006 was $30.15 per hour. The base wage rate under the Agreement required to be paid to Groen as his regular hourly wage rate from June 1, 2006 to May 31, 2007 was $31.55 per hour. The base wage rate under the Agreement required to be paid to Groen as his regular hourly wage rate from June 1, 2007 to May 31, 2008 was $33.15 per hour.

29. At all times relevant here, the Agreement required an overtime wage rate of one and one-half (1.5) times the base wage rate for all hours worked in excess of forty (40) in a single week, and the first two and one-half (2.5) hours worked in excess of eight hours in a single day.

At all times relevant here, the Agreement required a double time wage rate of two times the base wage rate for all hours worked in excess of ten and one-half (10.5) in a single day.

30. Defendants made oral agreements with Groen in which Defendants promised to pay Groen according to the Agreement's terms. These agreements constituted contracts independent of, but having the same terms as, the Agreement.

31. While Defendants often listed the agreed upon hourly wage rate on Groen's paychecks as the hourly wage rate Defendants paid Groen for all hours worked, Defendants did not pay Groen the agreed upon hourly wage rate for all hours he worked. In lieu of paying Groen his agreed upon hourly wage rate for all hours worked, Defendants intentionally paid Groen for fewer hours than he actually worked, and thereby paid Groen less than the wages he earned.

32. On several occasions while Defendants employed Groen, Defendants failed to pay Groen for all hours worked at the straight time, overtime, and double time wage rates set by agreement with Defendants.

33. The IWPCA, in 820 ILCS §§ 115/2 -115/4, states that an employer shall pay an employee all wages earned under contract at least semi-monthly, and no later than thirteen days after the close of the pay period during which the wages were earned. Under 820 ILCS § 115/5, terminated employees are to be paid their final compensation no later than on the next regularly scheduled payday following termination.

34. Defendants knowingly violated their agreement with Groen by failing to pay Groen the entire amount of wages earned for all hours worked that he was entitled to under his contract and his agreement with Defendants while Defendants employed him.

35. Defendants' willful actions caused Groen to lose income.

36. Defendants are liable to Groen for the lost income.

## **Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, as follows:

(a) Finding that Defendants willfully under-reported the number of hours Groen worked and wilfully failed to pay Groen for all wages due;

(b) Finding that Defendants violated the Illinois Wage Payment and Collection Act by failing to pay Groen the wage rates set by the written and oral contracts covering Groen's employment, and by under-reporting the number of hours Groen worked;

(c) Ordering Defendants to make Groen whole by paying Groen for all straight time, overtime, and double time wages due, and prejudgment interest;

(d) Ordering Defendants, under the Attorneys Fees in Wage Actions Act, to pay Groen's attorneys' fees incurred in bringing this suit; and

(e) Ordering such other relief as the Court deems proper.

## **Count IV: Illinois Minimum Wage Law: Defendants' Refusal to Pay Overtime Wages**

37. Plaintiff incorporates by reference paragraphs 1 through 21 of this complaint, as though fully set forth herein, as paragraph 37.

38. The IMWL, in 820 ILCS § 105/4a(1), provides that no employer shall employ any employee for more than forty (40) hours in a week unless the employee receives compensation for the hours worked in excess of forty (40) at a rate of pay no less than one and one-half (1.5) times the employee's regular hourly wage rate.

39. Defendants knew or should have known their failure to pay Groen an overtime wage compliant with the IMWL was unlawful.

40. By knowingly failing to pay Groen one and one-half (1.5) times his regular hourly wage rate for all hours worked in excess of forty (40) in a single week, Defendants willfully violated the IMWL.

41. Defendants' willful actions caused Groen to lose income in the form of overtime wages required to be paid under the IMWL.

42. Under the IMWL, 820 ILCS § 105/12(a), Defendants are liable to Groen for the wages he lost, liquidated damages, attorneys' fees, and costs.

## **Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, as follows:

(a) Finding that Defendants willfully under-reported the number of hours Groen worked;

(b) Finding that Defendants willfully violated the overtime provision of the Illinois Minimum Wage Law by failing to pay Groen one and one half (1.5) times his regular hourly wage rate for all hours worked in excess of forty (40) in a week, and by under-reporting the number of hours Groen worked for all hours worked during the three years preceding the filing of this complaint;

(c) Ordering Defendants to pay Groen one and one-half (1.5) his regular hourly wage rate for all hours worked in excess of forty (40) in a week during the three year period preceding the filing of this complaint; damages of two percent (2%) per month of the unpaid wages, and pre-judgment interest for all hours worked during the three years preceding the filing of this complaint;

(d) Ordering Defendants to pay Groen's attorneys' fees and costs incurred in bringing this suit to enforce the IMWL overtime provision; and

(e) Ordering such other relief as the Court deems proper.

**Count V: Illinois Prevailing Wage Act: Defendants' Refusal to Pay Prevailing Wage**

43. Plaintiff incorporates by reference paragraphs 1 through 21 of this complaint, as though fully set forth herein, as paragraph 43.

44. On several occasions while Defendants employed Groen, Groen worked on "public works" projects as defined by and subject to the Illinois Prevailing Wage Act.

45. The PWA requires contractors and subcontractors to pay employees who work on "public works" no less than the prevailing wage rate applicable to the type of work at the location of the work.

46. At all relevant times, the base wage rates under the Illinois Prevailing Wage Act were the same as those set forth above in paragraph 28. Among other things, the PWA requires a contractor or subcontractor to pay laborers employed on public works 1.5 times the prevailing wage rate for all hours worked in excess of eight hours in a day, and in excess of 40 in a week.

47. Defendants failed to pay Groen for all hours worked on public works at the prevailing straight time and overtime wage rates the Illinois Prevailing Wage Act required.

48. Defendants knowingly paid Groen less than the prevailing wage rate applicable to public works on which he worked.

49. Defendants' willful actions caused Groen to lose income.

50. Under the PWA, 820 ILCS § 130/11, Defendants are liable to Groen for the income he lost, liquidated damages, attorneys' fees, and costs.

**Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Company as follows:

    (a)    Finding that Defendants willfully under-reported the number of hours Groen worked;

    (b)    Finding that the Company violated the Illinois Prevailing Wage Act by failing to pay Groen the prevailing wage rates set by the Illinois Department of Labor for persons who work on public works projects, and by under-reporting the number of hours Groen worked;

    (c)    Ordering the Company to pay Groen all wages due under the Illinois Prevailing Wage Act, damages of two percent of the unpaid wages, and prejudgment interest;

    (d)    Ordering the Company to pay Groen's attorneys' fees and costs incurred in bringing this suit to enforce the Illinois Prevailing Wage Act in an amount set by the Court; and

    (e)    Ordering such other relief as the Court deems proper.

### Count VI: Attorneys Fees in Wage Actions Act – Defendants' Liability for Plaintiffs's Attorneys Fees

51.    Plaintiff incorporates by reference paragraphs 1 through 50 of this complaint, as though fully set forth herein, as paragraph 51.

52.    On June 23, 2008, Groen, through counsel, made a written demand, sent by overnight delivery, to Defendants for $50,000.00 in unpaid, earned wages. Defendants, counsel for Defendants, and Defendant Company's registered agent received Groen's written demand on June 24, 2008.

53.    Defendants did not satisfy Groen's demand. Groen filed the instant lawsuit three days after Defendants received the written demand. As such, Groen has complied with all requirements of the Fees Act.

54.    Provided the Court finds Groen is owed $50,000.00 or more in unpaid wages, Defendants are liable for the attorneys' fees incurred by the Plaintiff related to the instant suit.

**Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, as follows:

(a) Finding that Groen complied with all Fees Act requirements, including the requirement that the amount of wages demanded pre-trial was less than or equal to the amount determined by the Court to be owed to Groen;

(b) Ordering Defendants, under the Attorneys Fees in Wage Actions Act, to pay Groen's attorneys' fees incurred in bringing this suit; and

(c) Ordering such other relief as the Court deems proper.

Respectfully submitted,

s/Robert E. Bloch
One of Plaintiff's Attorneys

Robert E. Bloch
Ronald M. Willis
Steven W. Jados
DOWD, BLOCH & BENNETT
8 South Michigan Avenue - 1900
Chicago, IL 60603
(312) 372-1361